# Monk *v.* Magee Carpet Company, Appellant.

*Practice, C. P.—Affidavit of defense—Contract—Breach.*

In an action to recover damages for a breach of a contract to deliver a quantity of rugs, where the statement sets forth the difference between the contract price and the amount paid by the plaintiff for rugs which he bought, and which he avers were of the substantial quality of those contracted for, an affidavit of defense is sufficient which denies the averment of the statement, and states that the plaintiff could have purchased in the open market, tapestry and velvet rugs similar in quality to those contracted for, but that

instead of doing so, he purchased axminster and wilton rugs which were of a different quality in weave and texture, and of much higher price than those contracted for.

Argued March 4, 1918.    Appeal, No. 29, March T., 1918, by defendant, from order of C. P. Columbia Co., Sept. T., 1917, No. 110, making absolute rule for judgment for want of a sufficient affidavit of defense in case of William H. Monk, Junior, v. The Magee Carpet Company.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.    Reversed.

Assumpsit for breach of contract.    Before EVANS, P. J.

Rule for judgment for want of a sufficient affidavit of defense.

The material averments of the statement of claim and the affidavit of defense are summarized in the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*G. M. Tustin,* for appellant, cited: Philadelphia Warehouse Co. v. Colonial Biscuit Co., 33 Pa. Superior Ct. 134.

*Edward J. Flynn,* for appellee.

OPINION BY HENDERSON, J., April 22, 1918:

Some parts of the answers are not sufficiently specific, or state conclusions of law or of fact.    The sixth paragraph, however, sufficiently sets forth a defense to the cause of action presented in the statement of claim. The plaintiff seeks to recover damages for a breach of contract arising out of the failure of the defendant to deliver a quantity of rugs described in the statement. As a result of the alleged breach it is claimed the plaintiff was obliged to go into the open market and purchase

rugs of the substantial quality of those contracted for with the defendant to take the place of those which the latter failed to supply. The statement of claim sets forth the difference between the contract price with the defendant and the amount paid by the plaintiff for the rugs which he bought. This difference is $108.15, that amount representing the loss which is alleged to have been sustained because of the defendant's default. With respect to this claim the defendant denies the averments contained in the seventh paragraph of the statement and says that the plaintiff could have purchased in the open market tapestry and velvet rugs similar in quality and texture to those he claims to have ordered of the defendant but that instead of doing so, as set forth in the statement the plaintiff purchased axminster and wilton rugs which were of a different quality, weave and texture and of much higher price than the tapestry and velvet rugs which the plaintiff claims to have ordered of the defendant. This is a direct and comprehensive denial of the plaintiff's averment that he was not able to make purchase of rugs of the same or similar texture in the open market or elsewhere at prices stipulated in the agreement but that he purchased approximately similar grades of rugs. It needs no discussion to show that if the plaintiff contracted with the defendant for rugs of a particular quality and description he could not purchase rugs of a better quality and higher value and charge the defendant with the difference in cost; certainly not unless it was made to appear that the rugs which he did buy were substantially of the same quality and description and it was not practicable to buy in the market rugs of the quality and description alleged to have been contracted for. The plaintiff has denied the existence of the conditions on which the plaintiff relies for a recovery and if this denial is supported by evidence the plaintiff's claim can not be maintained.

It is unnecessary to consider the assignment of error relating to the refusal of the court to permit an amended

answer to be filed.    The answer on file exhibits a defense to the claim as stated.

The judgment is reversed with a procedendo.